**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) Case No. 2:14-cr-00321-GMN-NJK |
| vs. | )<br>) ORDER |
| JUSTIN LOPER, | )<br>) |
| Defendant. | ) (Docket No. 178)<br>) |

Pending before the Court is Defendant Justin Loper's motion to sever. Docket No. 178. Defendant asks the Court to sever his trial from the trial of his co-defendants because introduction of his co-defendants' post- arrest statements would violate Defendant's his Constitutional right to a fair trial. *Id*.

Generally, Fed.R.Crim.P. 8(b) permits joinder of defendants who allegedly committed the same crime. Although joinder promotes efficiency, Fed.R.Crim.P. 14 provides that trials may be severed where it appears that a joint trial would cause prejudice. The defendant seeking severance must establish "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Under Fed.R.Crim.P. 14, the Court has broad discretion to grant or deny requests

1   to sever joined defendants after balancing the interest in judicial economy against the risk of prejudice
2   to the defendant. *See, e.g., United States v. Olson*, 504 F.2d 1222, 1224 (9th Cir. 1974).

3         In order to protect a defendant's rights under the Confrontation Clause where a co-defendant's
4   confession implicates another defendant at a joint trial, the Court should either sever the trial, exclude
5   the co-defendant's statements, or redact the statements so as to eliminate any direct implication of the
6   defendant. *See Bruton v. United States*, 391 U.S. 123 (1968). Because interests in economy and
7   efficiency favor joint trials, *see U.S. v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999), redacting a
8   co-defendant's statements to sufficiently protect the implicated co-defendant's rights is generally
9   preferred to severing the trial. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[A] district court
10  should grant severance under [Fed.R.Crim.P. 14] only if there is serious risk that a joint trial would
11  prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable
12  judgment about guilt or innocence.").

13        Redaction, however, is only a viable alternative to severance of the trial or exclusion of the
14  statements where the statements can be redacted to avoid direct implication of the codefendant. *See*
15  *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) ("[T]he admission of a statement made by
16  a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly,
17  clearly, or powerfully implicates the defendant." (internal quotations omitted)). "[T]he substitution of
18  a neutral pronoun or symbol in place of the defendant's name is not permissible if it is obvious that an
19  alteration has occurred to protect the identity of a specific person." *United States v. Peterson*, 140 F.3d
20  819, 822 (9th Cir.1998).

21        Before ruling on a motion to sever, the Court "may order an attorney for the government to
22  deliver to the court for in camera inspection any defendant's statement that the government intends to
23  use as evidence." Fed.R.Crim.P. 14(b). Pursuant to Fed.R.Crim.P.14(b), Defendant asks the Court to
24  order the United States to provide redacted copies of the statements *in camera* to the Court. Docket No.
25  178 at 5.

26
27
28

Accordingly, the Court **ORDERS** the United States to provide, *in camera*, to the undersigned's chambers an unreadacted copy of each defendant's statement, as well as a redacted copy of each defendant's statement that it intends to use in evidence at trial on the instant matter. These statements shall be provided to chambers no later than July 13, 2016.

IT IS SO ORDERED.

DATED: July 8, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge