UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> vs. ) <br> KEVIN HALL, et al., ) <br> Defendants. ) | Case No. 2:14-cr-0321-GMN-NJK <br><br> ORDER <br><br> (Docket No. 240) |

Pending before the Court is Defendant Kevin Hall's motion to reopen the pretrial motions deadline. Docket No. 240. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 240, 246, 248. The Court has also considered co-Defendant Keith Williams' joinder to Defendant Hall's motion. Docket No. 245.

Defendant Hall submits that his current counsel was appointed to represent him on September 16, 2016. Docket No. 240 at 3. Shortly thereafter, counsel received the "entire discovery file" from Defendant's current counsel which, she represents, consists of a binder with thousands of pages of discovery and approximately 54 electronic discs containing "additional written discovery, transcribed statements, photographs, video surveillance and audio recordings of witness statements." *Id*. Defendant submits that, based upon counsel's review of the discovery provided, she believes pretrial motions should be filed.[1] *Id*. While Defendant concedes that the motions deadline has already passed, he

---

[1] Defendant also, contrarily, submits that since discovery is voluminous, "it does appear there are a number of motions that counsel would like the opportunity to research and file if necessary. *Id*. at 4.

contends that, as it expired prior to the time his current counsel was appointed, his current counsel could not have filed the instant request before the deadline elapsed. *Id*.

In response, the United States submits that the deadline for pretrial motions expired on November 10, 2014. Docket No. 246 at 1. The United States further submits that neither the fact that discovery is voluminous nor the fact that current counsel was recently appointed to represent Defendant constitutes good cause to reopen the pretrial motions deadline. *Id*. Finally, the United States notes that, on February 8, 2016, the Court found pretrial motions filed by a co-defendant were untimely. *Id*. Therefore, the United States asks the Court to deny Defendant's motion. *Id*.

In reply, Defendant repeats that the recent appointment of current counsel "should justify any failure to raise a potential claim or defense timely as counsel was not the attorney of record at the time the pre-trial motions deadline lapsed." Docket No. 248 at 3. Defendant states that counsel "concluded there are a number of motions that *should be researched and potentially filed*," and that "counsel believes that [Defendant] *may* suffer extreme prejudice if he is not able to raise potential claims and defenses." *Id.* (emphasis supplied). Finally, Defendant submits that "the decision of what, if any motions should be filed are strategic decisions made by counsel of record," and that current counsel "cannot opine as to why prior counsel did not elect to file certain motions." *Id*. at 4. Instead, Defendant again submits that "there appear to be pretrial motions that may have merit, and should be researched and potentially filed" and that counsel believes Defendant "may suffer extreme prejudice" if the motions deadline is not reopened. *Id*.

I.     **PROCEDURAL HISTORY**

On July 29, 2014, a criminal complaint was filed, charging Defendants Hall and Williams[2] with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2. Docket No. 1.

---

[2]Defendants were charged, in both the criminal complaint and indictment, along with a third co-defendant. *See* Docket Nos. 1, 27. As the third co-defendant has not filed a joinder to the instant motion, however, the Court focuses solely on the charges and actions in the case as they relate to Defendants Hall and Williams.

On July 31, 2014, at Defendants' initial appearances, the Court appointed counsel to represent them. Docket Nos. 3, 7, 9, 11. On September 17, 2014, both Defendants, through counsel, filed motions to conduct a pre-plea presentence investigation report. Docket No. 19, 20. On September 23, 2014, both motions were granted. Docket Nos. 24, 25.

On September 17, 2014, Defendant Hall filed a motion to dismiss counsel and appoint new counsel. Docket No. 21. On September 19, 2014, Defendant Williams filed a motion to dismiss counsel and appoint new counsel. Docket No. 23.

On September 30, 2014, Defendants were indicted on one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and two counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2. Docket No. 27.

On October 7, 2014, the Court held a hearing on Defendant Hall's motion to dismiss counsel and appoint new counsel. Docket No. 34. After speaking with Defendant and his counsel *in camera*, the Court granted Defendant Hall's motion and appointed Jess Marchese as counsel for Defendant. *Id.*; *see also* Docket No. 39. On the same date, the Court held a hearing on Defendant Williams' motion to dismiss counsel and appoint new counsel. Docket No. 36. After speaking with Defendant and his counsel *in camera*, the Court granted Defendant Williams' motion and appointed Jeannie Hua as counsel for Defendant. *Id.*; *see also* Docket No. 37.[3]

On October 9, 2014, Defendants Williams and Hall were both arraigned on the indictment. Docket Nos. 41, 43. On the same day, the Court issued an order regarding pretrial motions, which set the pretrial motions deadline for November 10, 2014.[4] Docket No. 40. Additionally, trial was set for

---

[3] On October 23, 2014, Ms. Hua filed a motion to withdraw as attorney for reasons that had nothing to do with Defendant Williams or this case. Docket No. 44. The Court granted the motion on October 28, 2014, and appointed Kathleen Bliss as counsel for Defendant Williams. Docket No. 47. See also Docket No. 48.

[4] The order states that pre-trial motions are due thirty days from the date of the order, which is November 8, 2014. As November 8, 2014 was a Saturday, however, the motions deadline was Monday, November 10, 2014.

December 1, 2014.  Docket No. 42.

On November 12, 2014, the parties filed a stipulation to continue the calendar call and trial dates, but not the now-expired pretrial motion deadlines.  Docket No. 55.  On November 20, 2014, the stipulation was granted, and the trial date was continued to March 30, 2015.  Docket No. 59.

On November 20, 2014, Defendant Williams, through counsel, filed a sealed *ex parte* motion relating to his case.  Docket No. 58.  On December 5, 2014, the Court denied this motion without prejudice.  Docket No. 68.  On December 12, 2014, Defendant Williams, through counsel, again filed a sealed *ex parte* motion relating to his case.  Docket No. 75.  On December 29, 2014, Defendant Williams, through counsel, supplemented the motion and, on January 7, 2015, the Court granted it.  Docket Nos. 78, 79.

On November 21, 2014, Defendant Hall, through counsel, filed a motion to reopen his detention hearing.  Docket No. 60.  On December 3, 2014, the Court granted Defendant Hall's request to be interviewed by Pretrial Services.  Docket No. 65.  On December 8, 2014, the Court held a hearing on the motion to reopen Defendant Hall's detention hearing and denied it.  Docket No. 69.

On December 4, 2014, Defendant Williams, through counsel, filed a motion to reopen his detention hearing.  Docket No. 66.  On December 10, 2014, the Court set a hearing on this motion for December 19, 2014.  Docket No. 71.  On December 12, 2014, Defendant Williams, through counsel, withdrew his motion to reopen detention hearing.  Docket No. 74.

On March 23, 2015, the parties filed a second stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines.  Docket No. 83.  On March 26, 2015, the stipulation was granted, and the trial date was continued to June 29, 2015.  Docket No. 84.

On April 27, 2015, Defendant Williams' counsel filed a sealed *ex parte* motion to withdraw as counsel. Docket No. 85.  On April 28, 2015, Defendant Williams filed a motion to dismiss counsel and appoint new counsel.  Docket No. 87.  On April 29, 2015, Defendant Williams, through counsel, filed an emergency motion to travel.  Docket No. 88.  On May 4, 2015, the court held a hearing on all three motions.  Docket No. 91.  After speaking with Defendant and his counsel *in camera*, the Court granted Defendant Williams' motion for new counsel and counsel's motion to withdraw, and set an attorney appointment hearing for May 6, 2015.  *Id*.  The Court also set the motion to travel for the same date.

*Id*. On May 6, 2015, the Court appointed Todd Leventhal as counsel for Defendant Williams. Docket Nos. 92, 93. Additionally, the Court denied Defendant Williams' motion to travel. Docket No. 92.

On May 18, 2015, Defendant Hall filed a motion to dismiss counsel and appointed new counsel. Docket No. 94. On May 27, 2015, the Court held a hearing on this motion. After speaking with Defendant Hall and his counsel *in camera*, the Court continued the hearing until June 8, 2015, to allow the two to meet. Docket No. 96. On June 8, 2015, after speaking with Defendant Hall and his counsel *in camera*, the Court denied the motion to dismiss counsel and appoint new counsel. Docket No. 97.

On June 13, 2015, the parties filed a third stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines. Docket No. 99. On June 15, 2015, the stipulation was granted, and the trial date was continued to October 19, 2015. Docket No. 100.

On October 7, 2015, the parties filed a fourth stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines. Docket No. 109. On October 8, 2015, the stipulation was granted, and the trial date was continued to February 22, 2016. Docket No. 110.

On November 6, 2015, Defendant Williams' counsel filed a motion to withdraw as attorney. Docket No. 114. On November 12, 2015, Defendant Williams filed a motion to appoint new counsel. Docket No. 117. On November 12, 2015, the Court held a hearing on counsel's motion to withdraw. Docket No. 119. After speaking with Defendant Williams and his counsel in camera, the Court denied the motion to withdraw. *Id*. The Court also agreed to allow Defendant Williams to file up to four pretrial motions under his own name. *Id*. On November 16, 2015, the Court denied Defendant Williams' motion to appoint new counsel as moot. Docket No. 120.

On December 2, 2015, Defendant Williams submitted a letter requesting removal of counsel. Docket No. 123. On December 29, 2015, the Court held a hearing and granted Defendant Williams' request for an extension to file pretrial motions under his own name. Docket No. 128.

On January 13, 2016, Defendant Williams filed, *pro se*, a motion to suppress. Docket No. 132. After the motion was fully briefed, the Court issued a report and recommendation, recommending the denial of the motion to suppress. Docket No. 137. On February 24, 2016, Defendant Williams, *pro se*, objected to the Report and Recommendation. Docket No. 144. On May 9, 2016, the Court adopted the

5

Report and Recommendation in full and denied Defendant's motion to suppress. Docket No. 166.

On February 11, 2016, the parties filed a fifth stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines. Docket No. 142. On February 12, 2016, the stipulation was granted, and the trial date was continued to May 16, 2016. Docket No. 143.

On April 18, 2016, Defendant Williams filed a motion to dismiss and appoint new counsel and submitted a letter to the Court regarding his wish for new counsel. Docket Nos. 152, 153. On May 3, 2016, the Court held a hearing on Defendant Williams' motion and, after speaking *in camera* with Defendant Williams and his counsel, the Court denied his motion for new counsel. Docket No. 159.

On May 4, 2016, the United States filed a motion to continue trial. Docket No. 161. On May 6, 2016, the Court granted the United States' motion, and continued trial to July 25, 2016. Docket No. 165.

On May 25, 2016, a superseding indictment was issued charging Defendants with one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; six counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and six counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2. Docket No. 167.

On June 28, 2016, Defendant Hall filed a motion to dismiss counsel and appoint new counsel. Docket No. 182. On July 7, 2016, the Court held a hearing on Defendant's motion. Docket No. 193. After speaking *in camera* with Defendant Hall and his counsel, the Court denied his motion. *Id*.

On June 28, 2016, Defendant Williams filed a motion to dismiss counsel and appoint new counsel. Docket No. 184. On July 7, 2016, the Court held a hearing on Defendant's motion. Docket No. 195. After speaking *in camera* with Defendant Williams and his counsel, the Court denied his motion. *Id*.

On July 12, 2016, the parties filed a sixth stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines. Docket No. 200. On July 14, 2016, the stipulation was granted, and the trial date was continued to September 6, 2016. Docket No. 203. . . . .

On July 20, 2016, Defendant Williams filed a motion to appeal the undersigned's denial of his motion for new counsel. Docket No. 209. On August 30, 2016, Chief United States District Judge Gloria M. Navarro held a hearing on Defendant's motion and granted it. Docket No. 222. On August 30, 2016, Chief Judge Navarro appointed Gabriel Grasso - Defendant Williams' current counsel - as counsel for Defendant Williams. Docket No. 225.

On September 4, 2016, the parties filed a seventh stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines. Docket No. 229. On the same date, the stipulation was granted, and the trial date was continued to November 14, 2016. Docket No. 231.

On September 4, 2016, Defendant Hall wrote a letter to Chief Judge Navarro asking for appointment of new counsel. Docket No. 233. On September 15, 2016, Chief Judge Navarro construed Defendant Hall's letter as a motion for appointment of new counsel and granted it. She also appointed Jennifer Waldo - Defendant Hall's current counsel - as counsel for Defendant Hall. Docket No. 234.

On November 1, 2016, the parties filed an eighth stipulation to continue the calendar call and trial dates and, again, did not request to continue the pretrial motion deadlines. Docket No. 236. On November 3, 2016, the stipulation was granted, and the trial date was continued to January 17, 2017. Docket No. 237.

On December 27, 2016, Defendant Hall, through counsel, filed a motion to continue trial. Docket No. 239. On January 5, 2017, however, the parties filed a stipulation to continue calendar call and trial, which the Court granted. Docket Nos. 244, 247. Trial was continued to March 27, 2017. Docket No. 247.

**II.  ANALYSIS**

Under Federal Rule of Criminal Procedure Rule 12(c), "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." *United States v. W.R. Grace*, 434 F.Supp.2d 879, 882–83 (D.Mont. 2006) (quoting Fed.R.Crim.P. 12(c)). Federal Rule of Criminal Procedure 12 permits the Court to set and enforce deadlines for pretrial motions. If a party does not meet the court's deadline for making a pretrial motion, the motion is untimely. Fed.R.Crim.P. 12(c)(3). The Court may, however, consider an untimely

pretrial motion if the party shows good cause. *Id*.

The decision whether to consider a motion that is untimely under Rule 12 lies in the discretion of the district court. *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006); *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003). Defendant bears the burden of showing why the Court should permit a late filing, and must provide a "legitimate explanation" for his failure to comply with pretrial deadlines. *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981). "The court did not randomly select the schedule documented in" its orders regarding deadlines. *United States v. Garcia*, 730 F.Supp.2d 1159, 1168 (C.D.Cal. 2010). "Nor, presumably, did the parties randomly request the deadlines they agreed to." *United States v. Halgat*, 2014 WL 176778, *3 (D.Nev. 2014). In this case, the pretrial motions deadline expired on November 10, 2014, and the parties never asked for it to be extended.

Here, Defendants Hall and Williams[5] - who have been continually represented by counsel throughout the instant case - state that they want to research and potentially file untimely pretrial motions.[6] Defendants concede that the strategic decision of whether to file pretrial motions rests in the discretion of counsel of record. Both Defendants were represented by counsel at the time the pretrial motions expired, and that counsel made the determination not to file pretrial motions. Defendants note that they cannot opine as to why counsel of record made the decision not to file pretrial motions; however, without that information, Defendants cannot demonstrate good cause under Fed.R.Crim.P. 12. Further, the procedural history of the instant case, including motions filed by prior counsel, clearly demonstrates that prior counsel for both defendants were fully involved in the case.

. . . .

---

[5]On January 10, 2017, the Court granted Defendant Williams' motion for joinder. Docket No. 249.

[6]Defendants have failed to cite to any authority that supports their contention that the desire to potentially file pretrial motions, after conducting research and making a determination as to whether these motions are meritorious, constitutes good cause to file untimely motions under Fed.R.Crim.P. 12. The Court need not reach the issue of whether the desire to file potential motions that counsel cannot represent to the Court are meritorious constitutes good cause, however, as the Court finds that Defendants have failed to show good cause even if counsel had researched the legal issues and believed the potential motions to be meritorious.

8

Defendants' only support for requesting to reopen the pretrial deadline is that discovery is voluminous and their current counsel were appointed recently.[7] Defendants fail to present any authority that supports their contention that these reasons constitute good cause.[8] Nor could the undersigned locate any such authority. The closest authority the undersigned could locate does not support a finding of good cause. *See United States v. Wallette*, No. 95–30201, 94 F.3d 654, 1996 WL 468648 (9th Cir. 1996) (the fact that newly appointed counsel believes that prior counsel failed to include important arguments in a previous motion to suppress does not constitute good cause); *United States v. Restrepo–Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987) (finding a previously unraised argument to a motion to dismiss does not constitute good cause under Rule 12); *United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984) (affirming a district court's denial of leave to file an untimely motion where the only cause shown was defendant's "belated decision to change trial tactics").

### III.  CONCLUSION

For the reasons stated above, Defendants have failed to demonstrate that good cause exists to potentially file untimely pretrial motions. Therefore, the motion to reopen pretrial motions deadline, Docket No. 240, is hereby **DENIED**.

IT IS SO ORDERED.

DATED:   January 11, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[7] Defendants submit that their counsel was recently appointed, as part of the reason this Court should find good cause. Defendant Williams' current counsel was appointed on August 30, 2016, however, more than four months ago. Docket No. 225. Defendant Hall's current counsel was appointed on September 15, 2016, over three and one-half months ago. Docket No. 234. The Court need not reach the issue as to whether these appointments constitute recent appointments for the purpose of establishing good cause, however, as the Court finds that Defendants have failed to show good cause even assuming that counsel was recently appointed.

[8] The one case cited, *Davis v. United States*, 411 U.S. 233, 243 (1973), see Docket No. 248 at 3, does not support either contention.