**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-00321-GMN-NJK-3 |
| vs. ) | |
| ) | **ORDER** |
| KEITH WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Government's Motion for Reconsideration, (ECF No. 427). Defendant Keith Williams ("Defendant") filed a Response, (ECF No. 428).

Also pending before the Court is the Government's Motion for Leave to File Sealed Motion and Exhibit, (ECF No. 426), to which Defendant did not file a Response.

For the reasons discussed below, the Court **GRANTS in part and DENIES in part** the Motion for Reconsideration and **GRANTS** the Motion to Seal.[1]

## I. BACKGROUND

The Court incorporates the background information and procedural history of this case from its previous Orders regarding Defendant's two Motions for Compassionate Release. (*See* Orders, ECF Nos. 408, 423). On January 23, 2023, the Court issued an Order, (ECF No. 423), which granted Defendant's Second Motion for Compassionate Release, (ECF No. 412). The Court ordered that the Bureau of Prisons designate Defendant to home confinement for the remainder of his sentence, as requested in the Second Motion for Compassionate Release. (*See*

///

---

[1] The Exhibits the Government seeks to seal contain Defendant's confidential medical records. Accordingly, the Court finds good cause to seal the records. *See, e.g.*, *Johnson v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding "Plaintiff's privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves").

Order 6:6–7, ECF No. 423). The Government now moves for reconsideration of this Order (*See generally* Mot. Reconsideration, ECF No. 427).

## II.  LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (noting that motions for reconsideration may be filed in criminal cases).

The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## III.  DISCUSSION

The Government presents two alternative grounds for reconsideration. First, the Government argues that the Court's Order granting compassionate release should be vacated because certain factual findings in the Order regarding the COVID-19 pandemic and Defendant's health are clearly erroneous. (Mot. Reconsideration 3:1–4:22). Second, the Government argues that if the Court declines to vacate the Order, the Court should amend the Order to clarify that home confinement would be a condition of supervised release. (*Id.* 5:1–6:13).

The Court declines to reconsider its findings regarding Defendant's extraordinary and compelling reasons for release. In the Order granting compassionate release, the Court relied

on its previous conclusion that Defendant had presented extraordinary and compelling reasons for release in his First Motion for Compassionate Release. (Order First Mot. Compassionate Release 3:10–12).  Although the Government notes that some of the underlying facts regarding this conclusion has changed, the Government does not cite to any newly discovered evidence or change in controlling law. (*See* Mot. Reconsideration 3:1–4:22).  Indeed, the factual arguments presented in the Motion for Reconsideration are largely the same arguments the Government presented in its Response. (*See generally* Resp. Second Mot. Compassionate Release, ECF No. 415).  The Court declined to re-evaluate whether Defendant had shown extraordinary and compelling reasons for release in its Order and declines to do so here as well.

The Government's alternative argument regarding the Court's authority to order home confinement is made for the first time in the present Motion for Reconsideration.  The Government argues that, in lieu of vacating the Order, the Court should grant compassionate release from the remainder of Defendant's sentence, increase Defendant's term of supervised release by the 23 months remaining in his custodial sentence, and impose home confinement as a condition of his supervised release during that initial 23-month period, to be followed by supervised release on the conditions set forth in the initial sentencing order. (Mot. Reconsideration 6:1–6).

The Government requests the Court amend the Order *nunc pro tunc* by striking the following language at lines page 6, lines 6–7:

> **IT IS FURTHER ORDERED** that the Bureau of Prisons designate Defendant to home confinement for the remainder of his sentence.

and inserting the following language in its place:

> **IT IS FURTHER ORDERED** that Defendant's term of supervised release shall be extended by twenty-three (23) months, and that Defendant shall be restricted to home confinement during the first twenty-three (23) months of supervised release.

Defendant does not object to the Government's proposed amendments to the Order because "as a practical matter," it achieves the same result as Defendant requested and received in his Second Motion for Compassionate Release. (Resp. Mot. Reconsideration 8:11–14, ECF No. 428). The Court also agrees with the Government's proposed language and finds that the requested amendments are warranted. Accordingly, the Court GRANTS in part the Motion for Reconsideration to amend the language as specified.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Government's Motion for Reconsideration, (ECF No. 427), is **GRANTED in part and DENIED in part**, consistent with this Order.[2]

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to File Sealed Motion and Exhibit, (ECF No. 426), is **GRANTED**.

**IT IS FURTHER ORDERED** that the fourteen-day stay instituted by the Court's Order, (ECF No. 423), shall not be altered.

Dated this   1   day of February, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Defendant's Judgment of Conviction shall be updated shortly to reflect the newly added language to the Order, (ECF No. 423).